UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NO. 2:16-CR-20460

v.        HON. MARK A. GOLDSMITH

D-11 PHILLIP PEAKS,

        Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

### INTRODUCTION

Defendant Phillip Peaks distributed controlled substances as a member of the 6 Mile Chedda Grove (6 Mile) gang and criminal enterprise. Peaks also played an integral role in the gang by projecting its power and instilling fear of the gang in the community through his numerous 6 Mile rap videos that were posted on the Internet. For the reasons set forth below, the government respectfully recommends that the Court accept the Rule 11 plea agreement in this case, and sentence Peaks to a term of 24 months in prison and 3 years of supervised release.

## LAW AND ARGUMENT

**A.     The nature and circumstances of the offense and history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1).**

Peaks along with fellow 6 Mile members and associates were involved with distributing heroin and other controlled substances for profit.  As the Court surely knows, heroin in particular is a very dangerous controlled substance, the abuse of which sadly causes many users to overdose and die.  Heroin is also extremely addictive, debasing the lives of addicts whose sole motivation becomes doing whatever is necessary to obtain and consume more heroin.  Quite simply, Peaks and fellow 6 Mile members and associates profited and enriched themselves from endangering and debasing the lives of the people to whom they sold heroin; the nature and circumstances of Peaks's criminal conduct are sickening.

Moreover, Peaks and his fellow 6 Mile members and associates advanced their joint drug distribution activities by projecting power as a gang and intimidating the public through their possession and brandishing of firearms, and their professed willingness to engage in violent retaliation.  By sowing fear of the gang in the community, 6 Mile's drug distribution activities were far more likely to succeed and be profitable.  Peaks along with fellow 6 Mile members and associates were depicted together in numerous photographs and rap videos posted on the Internet, openly displaying their firearms, exhibiting their allegiance with one another as a gang, and stating their willingness to engage in crimes of violence including murder.



*Peaks (center, wearing black stocking cap) displaying a 6 Mile gang hand sign with fellow 6 Mile members and associates (including co-defendants Carlo Wilson (left, wearing blue hooded sweatshirt), Edwin Mills (right, wearing black hooded sweatshirt), and Robert Baytops (right, wearing purple polo shirt)) displaying gang hand signs and clothing, and brandishing firearms inside the Hayes Troester Super Market on Detroit's east side.*

Further, Peaks committed the instant federal offense after previously being convicted in 2010 of the state offense of delivery/manufacturing of heroin and

receiving a lenient sentence of probation. Sentencing Peaks to 24 months in prison is justified under this factor.

**B. The sentence imposed must reflect the seriousness of the offense, promote respect for the law, and provide just punishment, 18 U.S.C. § 3553(a)(2)(A).**

As described above, Peaks's instant offense was serious. His words and deeds with fellow 6 Mile members and associates that were published on the Internet intimidated the public and facilitated the gang's drug distribution activities. A 24-month prison sentence for Peaks is appropriate and just, based on the seriousness of the offense and to promote respect for the law.

**C. The sentence imposed must afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(2)(B) and (C).**

A 24-month prison sentence would specifically deter Peaks from engaging in future criminal conduct. Deterring Peaks from future criminal conduct is important because, as shown in the Presentence Investigation Report, he was previously convicted of delivery/manufacturing of heroin in 2010, for which he was sentenced to merely one year of probation. But rather than comply with the law and turn away from committing crime, Peaks squandered that opportunity and continued his participation in the 6 Mile Chedda Grove criminal enterprise. Sentencing Peaks to 24 months in prison is justified under this factor as well.

## CONCLUSION

For the reasons stated above, the government respectfully recommends that the Court accept the Rule 11 plea agreement, and sentence Peaks to a mid-guidelines 24-month term in prison, along with 3 years of supervised release.

Respectfully Submitted,

MATTHEW SCHNEIDER
UNITED STATES ATTORNEY

s/*Louis Crisostomo*
Louis Crisostomo
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
313-226-9100
Louis.Crisostomo@usdoj.gov
IL 6288094

Dated: January 15, 2019

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Vincent Toussaint, Esq.

                                                s/*Louis Crisostomo*
                                                Louis Crisostomo
                                                Assistant United States Attorney
                                                211 W. Fort Street, Suite 2001
                                                Detroit, Michigan 48226
                                                313-226-9100
                                                Louis.Crisostomo@usdoj.gov
                                                IL 6288094