UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

PHILIP PEAKS,

       Defendant.
_____/

Case No. 16-20460
Hon. Mark A. Goldsmith

**OPINION & ORDER
DENYING DEFENDANT PHILIP PEAKS'S MOTION FOR REDUCTION IN
SENTENCE BASED ON COMPASSIONATE RELEASE (Dkt. 1282)**

This matter is before the Court on Defendant Philip Peaks's motion to reduce the term of his imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. 1282). Peaks was sentenced on March 20, 2019, to 21 months' imprisonment after pleading guilty to one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). See Judgment (Dkt. 847). In the present motion, Peaks seeks compassionate release and requests that the Court reduce the remaining months of his prison sentence to home confinement because of the dangers posed by COVID-19. For the reasons that follow, the Court denies Peaks's motion.

**I.    BACKGROUND**

Peaks is currently serving his sentence at the Federal Correctional Institution ("FCI") in Elkton, Ohio. As discussed in a recent opinion from the Northern District of Ohio, FCI Elkton has had difficulty containing the spread of COVID-19. Wilson v. Williams, No. 4:20-cv-00794, 2020 WL 1940882 (N.D. Ohio Apr. 22, 2020). In Wilson, based on the threat posed by COVID-19 at FCI Elkton, the court identified a subclass of inmates who are at a higher risk of harm from the

virus, and ordered the respondents to evaluate the subclass members for, among other things, compassionate release and transfer out of FCI Elkton. Id. at *6, 10-11.

Peaks is thirty-one years old and has been identified as a member of the Wilson subclass. Resp. at 2. Peaks is part of the subclass because he has a Body Mass Index ("BMI") greater than 40 and has been diagnosed with hypertension, both of which increase the risk of severe COVID-19 symptoms. Mot. at 18. Additionally, the Bureau of Prisons has been given increased authority to place federal prisoners in home confinement based on threat posed by COVID-19, and it is conducting a case-by-case analysis of its inmates to evaluate the feasibility of home confinement. Resp. at 6-11. Although Peaks has been identified as a member of the Wilson subclass and the Bureau of Prisons has a process in place to evaluate inmates who qualify for home confinement, he seeks a reduction in sentence from this Court under the First Step Act.

## II.   LEGAL STANDARD

"The First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194, modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582," such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances."

2

U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D).

## III. ANALYSIS

Peaks argues that his chronic and serious medical conditions make him particularly vulnerable to the COVID-19 pandemic, and, therefore, he seeks release to home confinement. Mot. at 17-18. The Government argues that Peaks has two other avenues for relief, that he has not exhausted his administrative remedies, and that he does not meet the standard for compassionate release. Resp. at 11-18. The Government has the better part of the argument with respect to compassionate release.

As to whether alternate avenues for relief should bar this action, the Government has not cited any authority, and the Court is not aware of any, supporting that position. With respect to exhaustion, as other courts have recognized, there are exceptions to the exhaustion requirement, which may apply in situations such as a pandemic. See, e.g., United States v. Saad, No. 16-20197, 2020 WL 2065476, at *2-4 (E.D. Mich. Apr. 29, 2020) (waiving the exhaustion requirement in light of the COVID-19 pandemic). However, even assuming that Peaks can meet one of the exhaustion exceptions, he does not qualify for compassionate release under the First Step Act.

Peaks is six feet tall and weighs approximately 325 pounds, giving him a BMI of a little over 44. Id. at 18. He has also been diagnosed with high blood pressure, for which he has been prescribed Hydrochlorothiazide to manage the condition. Id. According to the Center for Disease

Control's ("CDC") website, individuals with a BMI of 40 or above are at a higher risk for complications from COVID-19.[1] The increased risk is due to potential respiratory problems individuals with BMIs over 40 may have, which makes treating the respiratory complications caused by COVID-19 more difficult. The CDC also notes that individuals with BMIs over 40 may have other underlying health conditions, such as hypertension, which may increase the risk of serious illness from COVID-19. The CDC's recommendation to individuals with BMIs over 40 and underlying conditions is to continue to take medications as prescribed.

Peaks has an elevated risk of developing the more severe symptoms of COVID-19, but that generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of "extraordinary and compelling reasons" justifying compassionate release identified by the Sentencing Commission. Peaks has not contracted the virus, and his medical conditions, in light of his relatively young age and access to medication, do not fall in the category of illnesses with an end of life trajectory, or other reasons, under the guidelines. A reduction in sentence would not be consistent with the policy statements issued by the Sentencing Commission.[2] Therefore, Peaks is not entitled to compassionate release.

---

[1] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#severe-obesity (last visited on May 5, 2020).

[2] Even in the context of pretrial release—which is not confined by the stringencies of the "extraordinary and compelling reasons" standard applicable here—courts have not granted relief from custody without a strong showing that a prisoner has a significant risk of suffering harm from COVID-19. See, e.g., United States v. Wise, No. 18-20799, 2020 WL 1873364, at *3 (E.D. Mich. Apr. 15, 2020); United States v. Brown, No. 13-20337, 2020 WL 2092651, at *5-*7 (E.D. Mich. May 1, 2020).

## IV. CONCLUSION

For the reasons stated above, Peaks's motion for reduction in sentence (Dkt. 1282) is denied.

SO ORDERED.

Dated: May 7, 2020  　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge