UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CRIMINAL NO. 16-20460

v.                            Hon. Mark A. Goldsmith

D-11 PHILLIP PEAKS,

        Defendant.
_____/

## GOVERNMENT'S RESPONSE TO PHILIP PEAKS'S MOTION FOR EARLY TERMINATION FROM SUPERVISED RELEASE (ECF No. 1564)

On March 25, 2019, this Court sentenced Phillip Peaks to 21 months in prison and 24 months of supervised release after he pled guilty to 18 U.S.C. § 1962(d), racketeering conspiracy. (ECF No. 847). Peaks was released from custody on February 10, 2021 and began his 24 month term of supervised release, which ends on or about February 10, 2023. For the reasons stated herein, the government does not oppose early termination of Peaks's term of supervised release.

On March 2, 2022, Peaks submitted a pro se motion for early termination from supervised release. (ECF No. 1564). In his motion, Peaks notes that he has complied with the terms of his supervision. Peaks also notes that he frequently travels for work but indicates that being on supervision has limited his ability to freely travel to expand his career opportunities.

Counsel for the government spoke with Peaks's probation officer, who indicated that Peaks is in the midst of a successful music career, and frequently needs to travel around the country. The probation officer stated that Peaks has complied with supervision to date, and that any searches of his residence or vehicle have yielded no contraband. The probation officer recommended early termination.

The Court may, after a consideration of certain factors contained in 18 U.S.C. § 3553(a), terminate a term of supervised release and discharge a defendant after one year, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice; . . ." 18 U.S.C. § 3583(e)(1). A hearing on a motion to modify a term of supervised release is not required, because the government has not objected and the relief is favorable to Peaks and does not extend the term of supervised release. Rule 32.1(c)(2)(B), (C).

The government does not oppose Peaks's early termination from supervised release, based upon the recommendation of the probation officer, that Peaks has served over half of the term of supervised release imposed, his compliance with the terms of probation, and in consideration of the underlying offense conduct of his offense of conviction and criminal history. In contrast to many of his co-defendants in this case, none of the overt acts charged that pertained specifically to Peaks involved any offenses of violence nor the use or possession of firearms. Instead, they were limited to his membership in the gang and participation in the

drug trafficking activities of the gang.  At the time of sentencing, Peaks's criminal history category was I. Furthermore, as distinguished from several of his co-defendants, Peaks has not continued to engage in criminal activity while on supervised release.

Therefore, for the foregoing reasons, the government does not oppose early termination of Peaks's supervised release in this case under these circumstances.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/Andrew R. Picek
ANDREW R. PICEK
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9652
andrew.picek@usdoj.gov
OH 0082121

Dated: March 28, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, and had a copy of the foregoing mailed to the pro se defendant at:

Phillip Peaks
49450 Seagrass Dr.
Canton, MI 48187

          s/Andrew R. Picek
          ANDREW R. PICEK
          Assistant United States Attorney
          211 W. Fort Street, Suite 2001
          Detroit, MI  48226
          (313) 226-9652
          andrew.picek@usdoj.gov