UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                     Case No. 16-20460

vs.                                                HON. MARK A. GOLDSMITH

D-11 PHILLIP PEAKS,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (Dkt. 1564)

This matter is before the Court on Defendant Phillip Peaks's motion for early termination of his term of supervised release under 18 U.S.C. § 3583(e)(1) (Dkt. 4). The Government does not oppose Peaks's motion. See Resp. (Dkt. 1590). For the reasons that follow, the Court grants Peaks's motion.[1]

After a defendant has served at least one year of supervised release, the court may terminate supervision. 18 U.S.C. § 3583(e)(1). To determine whether early termination is appropriate, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e)(1). To terminate supervision early, a district court must conclude that early termination is warranted both by the individual's conduct and by the interests of justice. See 18 U.S.C. § 3583(e)(1); United States v. Suber, 75 F. App'x 442, 443–444 (6th Cir. 2003).

Here, an evaluation of the relevant sentencing factors demonstrates that the interests of justice would be best served by granting early termination. Peaks's history and characteristics

---

[1] Peaks also filed a second motion for early termination of his term of supervised release (Dkt. 1567), duplicative of the motion before the Court. The Court denies Peaks's second motion as moot.

favor termination, as he has complied with the terms of his probation and has avoided criminal activity and the use of contraband while on supervised release. Resp. at 2. Peaks has committed himself to a productive career as a musician, the growing success of which requires that he travel. See Mot. at PageID.17372. Peaks has served over half of his term, which began on February 10, 2021 and is scheduled to end on February 10, 2023. Resp. at 1. In consideration of the fact that Peaks was not specifically charged with any offenses of violence or the use or possession of firearms, the Court sees no need for continued supervised release to reflect the seriousness of his offense or provide just punishment. Peaks's probation officer recommends that Peaks be released, and the Government agrees. Id. at 2.

In light of these factors, the Court finds that Peaks's completion of over half of his term of supervised release is sufficient to fulfill the considerations set forth in 18 U.S.C. § 3553(a)(2). For the reasons discussed above, the Court grants Peaks's motion for early termination of his supervised release (Dkt. 1564) and orders that Peaks's term of supervised release is terminated. SO ORDERED.

Dated: April 13, 2022　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 13, 2022.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　KARRI SANDUSKY
　　　　　　　　　　　　　　　　　　　　　　Case Manager